*MHJ*

DJA/cm

5591-25392

**IN THE UNITED STATES DISTRICT COURT KC**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**F I L E D**
*1-31-2008*
JAN 31 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

BERENEICE SEEBOLD, a/k/a            )
BONNIE SEEBOLD                      )
                                    )
    Plaintiff,                     )
                                    )
v.                                  )
                                    )
GLOBE LIFE AND ACCIDENT             )
INSURANCE COMPANY,                  )
                                    )
    Defendant.                     )

**08CV683**
**JUDGE DER-YEGHIAYAN**
**MAGISTRATE JUDGE KEYS**

**NOTICE OF FILING**

To:    Melvin H. Hoffman
        501 State Street
        Ottawa, IL 61350

    I hereby certify that on January 31, 2008, I filed Defendant, Globe Life and Accident Insurance Company's, Appearance, Civil Cover Sheet and Jury Demand, with the Clerk of the Court, and I hereby certify that I served the attached Notice to counsel of record herein, by depositing a true and correct copy of same, First-Class Mail postage prepaid, in the U.S. Mail located at 617 West Fulton, Chicago, Illinois, at or before 5:00 P.M..

                Respectfully Submitted,

                DOWD & DOWD, LTD.

By:    _____

                Attorneys for Defendant,
                GLOBE LIFE AND ACCIDENT INSURANCE
                COMPANY

Dowd & Dowd, Ltd.
617 West Fulton
Chicago, IL 60661
(312) 704-4400

*MHN*

DJA/cm                                                                    5591-25392

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
#### EASTERN DIVISION

| | |
|---|---|
| BERENEICE SEEBOLD, a/k/a<br>BONNIE SEEBOLD<br><br>    Plaintiff,<br><br>v.<br><br>GLOBE LIFE AND ACCIDENT<br>INSURANCE COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

KC **FILED**
*1-31-2008*
JAN 3 1 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08CV683
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE KEYS

### PETITION FOR REMOVAL

NOW COMES the Defendant, GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, by and through its attorneys, DOWD & DOWD, LTD. and petition to remove this action originally styled *Bereneice Seebold a/k/a Bonnie Seebold v. Globe Life and Accident Insurance Company*, 2007 L 192, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1441(a) and 1446(a). In support of said petition, defendants state as follows:

1. On December 20, 2007, Bereneice Seebold a/k/a Bonnie Seebold, ("plaintiff") filed a Complaint at Law in the Circuit Court of LaSalle County, Illinois alleging breach of contract. (A copy of the Plaintiffs' complaint is attached as Exhibit A.)

2. Plaintiff alleges in her complaint that said policy of insurance was in full force and effect on June 16, 2007. (See Exhibit A.)

3. The accident in question occurred on June 16, 2007 LaSalle County, State of Illinois.

4. Plaintiff obtained service on Schneider National Carriers, Inc. on January 2, 2008.

5. Plaintiff lives in Marseiles, Illinois and is a resident and citizen of Illinois.

6. Globe Life and Accident Insurance Company, is incorporated in the State of Oklahoma and has its principal place of business in Oklahoma City, Oklahoma.

7. Prior to June 16, 2007, the said Plaintiff and her husband, Dennis Seebold, did apply for accident death benefit insurance coverage to the Defendant, and on February 6, 2006, Policy No. 14-P233064 was issued insuring the life of Dennis Seebold under said accidental death benefit plan of insurance with $220,000.00 of accidental death coverage. Thereafter, said death benefit increased in an amount of $25,000.00 for a total accidental death benefit coverage of $245,000.00, effective March 6, 2007. Plaintiff has alleged that on June 16, 2007, Dennis Seebold was killed as a result of a vehicular accident in LaSalle County, Illinois. These facts form the basis of Defendant's belief that a case or controversy exists which exceeds $75,000.00.

8. Based on the foregoing, this court has subject manner jurisdiction pursuant to 28 U.S.C. §1332(a) because this is a civil action in which the amount in controversy exceeds $75,000.00 and all parties are citizens of different states.

9. The undersigned has been retained to represent the named defendant.

WHEREFORE, the Defendant, GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, prays this Honorable Court grant its Petition for Removal.

Respectfully Submitted,

DOWD & DOWD, LTD.

By: _____

Attorneys for the Defendant,
GLOBE LIFE AND ACCIDENT INSURANCE
COMPANY

2

## CERTIFICATE OF SERVICE

I, an attorney, being first duly sworn upon oath, deposes and states that I served the attached

Notice to counsel of record herein, by depositing a true and correct copy of same, First-Class Mail

postage prepaid, in the U.S. Mail located at 617 West Fulton, Chicago, Illinois, at or before 5:00

P.M., on January 31, 2008 to the following:

Melvin H. Hoffman
501 State Street
Ottawa, IL 61350

By: _____
Attorney for Defendants

Dowd & Dowd, Ltd.
617 W. Fulton Street
Chicago, IL 60661
(312) 704-4400
(312) 704-4500 Fax

3

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT

LASALLE COUNTY, ILLINOIS



BERENEICE SEEBOLD, a/k/a BONNIE )
SEEBOLD,                          )
                                  )
              Plaintiff,          )        NO. 07-L- 192
                                  )
      vs.                         )
                                  )
GLOBE LIFE AND ACCIDENT           )
INSURANCE COMPANY,                )
                                  )
              Defendant.          )

## COMPLAINT AT LAW

### PLAINTIFF DEMANDS TRIAL BY JURY

Now comes the Plaintiff, BERENEICE SEEBOLD, a/k/a BONNIE SEEBOLD, by and through her attorney, **Melvin H. Hoffman**, and for her Complaint against the Defendant, GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, a corporation, states and alleges as follows:

1.  At all times alleged herein, the Plaintiff, BERENEICE SEEBOLD, was an adult, under no legal disability and resided at 2819 East 2559th Road in Marseilles, LaSalle County, Illinois.

2.  Prior to June 16, 2007, the said Plaintiff and her husband, Dennis Seebold, did apply for accidental death benefit insurance coverage to the Defendant, and on February 6, 2006, Policy No. 14-P233064 was issued insuring the life of Dennis Seebold under said accidental death benefit plan of insurance with $220,000.00 of accidental death coverage.

3.  Thereafter, said death benefit increased in an amount of $25,000.00, for a total accidental death benefit coverage of $245,000.00, effective March 6, 2007.

4.  At all times alleged herein, all premiums were paid and the said policy of insurance was in full force and effect.

5.  Attached hereto and made a part hereof as Exhibit "A" is the Certificate of coverage issued by the Defendant, GLOBE LIFE AND ACCIDENT INSURANCE COMPANY in evidence of said coverage.

-1-

6. On June 16, 2007, Dennis Seebold was killed as a result of a vehicular accident in LaSalle County, Illinois.

7. The said occurrence in which Dennis Seebold was killed resulted from accidental bodily injury caused by an accident occurring while the said insurance coverage was in full force, and the said Dennis Seebold did pass away on the date of said accident and within 90 days after said accident.

8. The Plaintiff herein, BERENEICE SEEBOLD, a/k/a BONNIE SEEBOLD, was, at the time of the death of the said Dennis Seebold, the beneficiary of said insurance policy issued by the Defendant.

9. Prompt claim and proof of accidental death was provided to the Defendant insurance carrier by the Plaintiff, BERENEICE SEEBOLD, and, in conjunction therewith, the Plaintiff did submit certain specific documents requested by the Defendant insurance company as set forth on Exhibit "B" attached hereto on October 4, 2007.

10. Despite the submission of said claim and all documentation requested from the said insurance company, no response was thereafter received from the Defendant insurance company.

11. On November 16, 2007, the Plaintiff, through her counsel, did direct additional correspondence to the Defendant, GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, requesting payment of the insurance proceeds in conformity with the provisions of the insurance certificate and policy in the amount of $245,000.00. A copy of said correspondence is attached hereto and made a part hereof as Exhibit "C." Further, the Plaintiff stated that she would cooperate and immediately provide such additional information as the Defendant requested for the purpose of making certain that said matter was handled expeditiously and that payment was made in the amount as set forth in said insurance contract.

12. Despite the submission of the said claim and all documentation requested by the Defendant establishing that the death of the insured, Dennis Seebold, was the result of accidental injury, the Defendant has refused to respond to either the Plaintiff or her attorney, acting as her agent, and has further refused to make payment of the accidental death benefit as set forth in said Certificate of insurance and contract.

13. The conduct of the Defendant insurance company and its unreasonable delay in settling

the claim as alleged herein was and continues to be vexatious and unreasonable, and by reason thereof, additional damages should be assessed as taxable costs in accordance with Section 155 of the Insurance Code, to wit: 215 ILCS 5/155, including attorney's fees, court costs and an amount not to exceed sixty percent (60%) of the amount which the Court or Jury finds such party is entitled to recover against the company, exclusive of all costs; or, $60,000.00; or the excess of the amount which the Court or Jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

14. Further, by reason of the breach of contract by the said Defendant insurance company, the said Defendant should be required to pay interest on the policy proceeds from the date of death of said Dennis Seebold, or the submission of the said claim with proof of said damages, as this Court may deem just, equitable and appropriate in the circumstances.

WHEREFORE, the Plaintiff, BERENEICE SEEBOLD, a/k/a BONNIE SEEBOLD, hereby requests that this Court enter Judgment in favor of the Plaintiff and against the Defendant in the sum of $245,000.00, in addition to such statutory damages, attorney's fees, costs, and interest as this Court may deem just and appropriate in the circumstances, and for such other and further relief as this Court may deem proper in the exercise of its law and equity jurisdiction.

BERENEICE SEEBOLD, a/k/a BONNIE SEEBOLD,
Plaintiff

BY: _Melissa Hoffman_
Attorney for Plaintiff

## AFFIDAVIT AND VERIFICATION

STATE OF ILLINOIS    )
                     ) SS.
COUNTY OF LASALLE    )

The undersigned, BERENEICE SEEBOLD, a/k/a BONNIE SEEBOLD, states that I am an

-3-

adult, under no legal disability and that I could competently testify to each of the facts as set forth hereinabove and that each of said facts are true.

BERENEICE SEEBOLD, a/k/a BONNIE
SEEBOLD, Plaintiff

SUBSCRIBED AND SWORN TO
before me this 19th day of December, 2007.

NOTARY PUBLIC

"OFFICIAL SEAL"
KAREN K. DONNELLY
Notary Public, State of Illinois
My Commission Expires 10/14/09

Melvin H. Hoffman, #03122970
Attorney at Law
501 State Street
Ottawa, Illinois 61350
Phone: (815) 433-4705
Fax:   (815) 433-4913

-4-



# MELVIN H. HOFFMAN

### Attorney and Counselor at Law

501 State Street
Ottawa, Illinois 61350

Karen K. Donnelly
*Legal Secretary*
(815) 433-4705
FAX (815) 433-4913

October 4, 2007

A.S. Pederson, Life Benefits Division
Globe Life
Globe Life Center
Oklahoma City, OK. 73184

RE:  **Insured:**     *Dennis Seebold*
      **Your Policy:** *14-P233064*
      **DOD:**      *06/16/2007*
      **Beneficiary:** *Bererneice Seebold*

Dear Ms./Mr. Pederson:

Enclosed herewith please find the following documents relative to the above matter:

1. Claimant's Statement which has been completed and signed by our client/beneficiary, Bereneice Seebold;
2. Coroner's Certificate of Death (certified) on the life of Dennis Seebold;
3. Authorization for Release of Protected Health Information;
4. Copy of obituary of Dennis R. Seebold from *The Times* of Ottawa, Illinois;
5. Copy of article from *The Times* relating to the accident involving Mr. Seebold;
6. Statement of Physician completed by the primary physician of Dennis Seebold;
7. Copy of autopsy and lab report;
8. Copy of accident reconstruction/police report.

Should you require any additional documentation or information, please do not hesitate to contact the undersigned.

Very truly yours,

**MELVIN H. HOFFMAN**

MHH:kkd
Enc.



# MELVIN H. HOFFMAN

### Attorney and Counselor at Law

*501 State Street*
*Ottawa, Illinois 61350*

*Karen K. Donnelly*
*Legal Secretary*

**(815) 433-4705**
**FAX (815) 433-4913**

November 16, 2007

Globe Life and Accident Insurance Company
Globe Life Center
Oklahoma City, OK 73184

        **RE:**    *Bereneice (Bonnie) Seebold, Beneficiary*
               *Policy Insured: Dennis Seebold (now deceased)*
               *Certificate No.: 14-P233064*
               *Insurance Accidental Death Benefit: $245,000.00*

Gentlemen/Ladies:

       Please be advised that we represent Bereneice (Bonnie) Seebold, who resides at 2819 East 2559th Road in Marseilles, Illinois. As you are aware, the husband of Mrs. Seebold, Dennis Seebold, was killed in a vehicular accident on June 16, 2007. A claim was promptly filed thereafter on behalf of the designated beneficiary and our client, Bereneice Seebold.

       I am personally familiar with the facts of the accident which resulted in the death of Mr. Seebold. I also attended the inquest, which specifically found that he died as a result of injuries received at the time of that occurrence. There is no evidence or factual basis whatsoever to indicate that Mr. Seebold passed away as a result of any of the causes of death set forth in the exclusions.

       All documentary evidence has been provided by my client.

       As of this date, no additional information whatsoever has been requested from Ms. Seebold. If any additional written proof of accidental death is necessary under the terms of your policy other than that already provided, please advise immediately and direct correspondence to the undersigned as counsel for Ms. Seebold.

       If this claim is not resolved and payment is made to my client within the next 14 days, we will have no alternative other than to file a Complaint and seek appropriate compensatory and statutory punitive damages.

       Your refusal to pay this claim in accordance with the policy provisions has caused extreme

Globe Life and Accident Insurance Company
November 16, 2007
Page 2

distress to my client.  You and I both know there is no justification whatsoever for this continued delay, and it will not be tolerated.

Very truly yours,

**MELVIN H. HOFFMAN**

MHH:kkd



Amended Date: MARCH 3, 2007

# GLOBE LIFE AND ACCIDENT INSURANCE COMPANY

### GLOBE LIFE CENTER, OKLAHOMA CITY, OKLAHOMA 73184

## ACCIDENTAL DEATH INSURANCE CERTIFICATE

Globe Life And Accident Insurance Company certifies that it has issued the Group Policy GLGRFP, and that the person named in the certificate is insured, subject to the terms and conditions of the group policy.

### 30 DAY RIGHT TO EXAMINE CERTIFICATE

If the Certificate Holder does not want this coverage, the certificate may be returned within 30 days after receiving it. We will then refund all premiums paid and the certificate will never have been in effect.

### ACCIDENTAL DEATH BENEFIT

Upon receipt of due proof of the Accidental Death of the Insured while coverage on such Insured is in force, We will pay the Accidental Death Benefit shown in the Certificate Schedule.

---

### CERTIFICATE SCHEDULE

REPLACES ALL PRIOR CERTIFICATE SCHEDULES FOR CERTIFICATE NUMBER SHOWN BELOW

CERTIFICATE NUMBER:          14-P233054

INSURED:                     DENNIS SEEBOLD

ISSUE AGE:                   64

HOLDER:                      GLOBE FAMILY SERVICES TRUST

CERTIFICATE EFFECTIVE DATE:   MARCH 6, 2007

### ACCIDENTAL DEATH BENEFIT

| | |
|---|---|
| ORIGINAL PLUS PREVIOUS ADDITIONS: | $220,000 |
| MARCH 6, 2007 TO FEBRUARY 6, 2013: | $245,000 |
| FEBRUARY 6, 2013 FORWARD (AFTER AGE 70 ANNIVERSARY DATE): | $122,500 |

---

### PREMIUMS

| PREMIUM PERIOD | MONTHLY | QUARTERLY | SEMI-ANNUAL | ANNUAL |
|---|---|---|---|---|
| PREMIUM AMOUNT | 29.40 | 88.60 | 170.00 | 326.83 |

GLGRFC

GLGRFC001

## DEFINITIONS

ACCIDENT: A fortuitous event, unforeseen and unintended.

ACCIDENTAL BODILY INJURY: Unexpected traumatic damage to the insured's body, of external origin.

ACCIDENTAL DEATH: Death due to Accidental Bodily Injury caused by an Accident occurring while the insurance is in force; the death must occur within 90 days after the date of the Accident, directly and independently of all other causes.

AGE: The age last birthday of the Insured.

BENEFICIARY: A person or entity named, on a form and in a manner approved by Us, to receive insurance benefits.

CERTIFICATE ANNIVERSARY: Shall be determined from the Certificate Effective Date.

EVIDENCE OF INSURABILITY: Satisfactory proof, as determined by Us, that a person is acceptable for insurance.

INSURED: An eligible person who is named in the Certificate Schedule.

HOLDER: The legal entity named as the Holder on the cover page of the group policy.

WE, OUR, US, or COMPANY: Globe Life And Accident Insurance Company at Our Administrative Office in Oklahoma City, Oklahoma.

YOU, YOUR, or YOURS: The person to whom this certificate is issued (Also referred to as the Certificate Holder.)

## EXCLUSIONS

This certificate does not cover death caused by:

1. Disease, sickness, bodily or mental infirmity, or medical or surgical treatment of same;
2. Suicide or intentionally self-inflicted bodily injury, while sane or insane (reference to insane not applicable in Missouri);
3. Being under the influence of any drug, narcotic, poison or gas unless taken on the advice of a physician;
4. Service in the military, naval or air services of any country;
5. Participation in any speed contest;
6. Insured's intoxication (blood alcohol level of .10 percent weight by volume or higher);
7. Air travel as a pilot, student pilot or crew member;
8. Committing or attempting to commit an assault or felony;
9. Taking part in a riot, insurrection or terrorist act; or
10. Skydiving, hang gliding or hot air ballooning.

## CERTIFICATE HOLDER AND BENEFICIARY PROVISIONS

CERTIFICATE HOLDER: Unless provided otherwise:

a. The person who completes the enrollment form applying for insurance coverage on an insured is the Certificate Holder. The Certificate Holder has the right to receive every benefit and exercise every right regarding the insurance under his or her certificate.

b. If the Certificate Holder dies, all rights will be vested in the Insured.

BENEFICIARY: The Beneficiary shall be as designated on the enrollment form to receive any Accidental Death Benefits payable. If there is no Beneficiary living or named, Accidental Death Benefits will be payable to the Certificate Holder, if living; otherwise to the Certificate Holder's estate. Any payment made by Us in good faith will fully discharge Us to the extent of such payment.

CHANGE OF BENEFICIARY: Unless You provide otherwise in writing to Us, You may change the Beneficiary during the lifetime of the Insured. Changes must be made by written request filed with Us. The change will take effect on the date the request was received, but it will not apply to payments made by Us before We accept the request in writing. We will have no liability for any action taken by Us before that acceptance.

TERMINATION OF COVERAGE: The coverage of any insured shall terminate at the end of the Grace Period following any premium due date for which the Insured's required premium has not been paid. Any premium paid for any period after the date coverage terminates will not continue the Insured's coverage in force and will be returned, unless accepted by Us under the Reinstatement provision in the certificate.

GLGRFC                                 Page 2                                 GLGRFC002