DJA/cm                                                                                                                   5591-25392

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FILED
JAN 31 2008
1-31-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| BERENEICE SEEBOLD, a/k/a BONNIE SEEBOLD, <br><br>Plaintiff,<br><br>v.<br><br>GLOBE LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>Defendant. | 08CV683<br>JUDGE DER-YEGHIAYAN<br>MAGISTRATE JUDGE KEYS |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Defendant, GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, by and through its attorneys, DOWD & DOWD, LTD. and in answer to plaintiff's complaint at law states as follows:

1. At all times alleged herein, the Plaintiff, BERENEICE SEEBOLD, was an adult, under no legal disability and resided at 2819 East 2559th Road in Marseilles, LaSalle County, Illinois.

    **ANSWER:** **Defendant admits the allegations contained in Paragraph 1.**

2. Prior to June 16, 2007, the said Plaintiff and her husband, Dennis Seebold, did apply for accidental death benefit insurance coverage to the Defendant, and on February 6, 2006, Policy No. 14-P233064 was issued insuring the life of Dennis Seebold under said accidental death benefit plan of insurance with $220,000.00 of accidental death coverage.

    **ANSWER:** **Defendant admits the allegations contained in Paragraph 2.**

3. Thereafter, said death benefit increased in an amount of $25,000.00, for a total accidental death benefit coverage of $245,000.00, effective March 6, 2007.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 3.**

4. At all times alleged herein, all premiums were paid and the said policy of insurance was in full force and effect.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 4.**

5. Attached hereto and made a part hereof as Exhibit "A" is the Certificate of coverage issued by the Defendant, GLOBE LIFE AND ACCIDENT INSURANCE COMPANY in evidence of said coverage.

**ANSWER:** **While defendant, GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, acknowledges that a Certificate of coverage was issued to Dennis Seebold, defendant denies that it has been identified as Exhibit "A".**

6. On June 16, 2007, Dennis Seebold was killed as a result of a vehicular accident in LaSalle County, Illinois.

**ANSWER:** **Due to insufficient knowledge, defendant GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, denies the allegations contained in Paragraph 6, but demands strict proof thereof.**

7. The said occurrence in which Dennis Seebold was killed resulted from accidental bodily injury caused by an accident occurring while the said insurance coverage was in full force, and the said Dennis Seebold did pass away on the date of said accident and within 90 days after said accident.

**ANSWER:** **Defendant acknowledges that Dennis Seebold died as the result of an accident, but denies the cause of the accident which led to his death. Defendant admits the remaining allegations.**

8. The Plaintiff herein, BERENEICE SEEBOLD, a/k/a BONNIE SEEBOLD, was, at the time of the death of the said Dennis Seebold, the beneficiary of said insurance policy issued by the Defendant.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 8.**

9. Prompt claim and proof of accidental death was provided to the Defendant insurance carrier by the Plaintiff, BERENEICE SEEBOLD, and, in conjunction therewith, the Plaintiff did submit certain specific documents requested by the Defendant insurance company as set forth on Exhibit "B" attached hereto on October 4, 2007.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 9.**

10. Despite the submission of said claim and all documentation requested from the said insurance company, no response was thereafter received from the Defendant insurance company.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 10.**

11. On November 16, 2007, the Plaintiff, through her counsel, did direct additional correspondence to the Defendant, GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, requesting payment of the insurance proceeds in conformity with the provisions of the insurance certificate and policy in the amount of $245,000.00. A copy of said correspondence is attached hereto and made a part hereof as Exhibit "C". Further, the Plaintiff stated that she would cooperate and immediately provide such additional information as the Defendant requested for the purpose of making certain that said matter was handled expeditiously and that payment was made in the amount as set forth in said insurance contract.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 11.**

12. Despite the submission of the said claim and all documentation requested by the Defendant establishing that the death of the insured, Dennis Seebold, was the result of accidental

injury, the Defendant has refused to respond to either the Plaintiff or her attorney, acting as her agent, and has further refused to make payment of the accidental death benefit as set forth in said Certificate of insurance and contract.

**ANSWER:   Defendant denies the allegations contained in Paragraph 12.**

13. The conduct of the Defendant insurance company and its unreasonable delay in settling the claim as alleged herein was and continues to be vexatious and unreasonable, and by reason thereof, additional damages should be assessed as taxable costs in accordance with Section 155 of the Insurance Code, to with:  215 ILCS 5/155, including attorney's fees, court costs and an amount not to exceed sixty percent (60%) of the amount which the Court or Jury finds such party is entitled to recover against the company, exclusive of all costs; or, $60,000.00; or the excess of the amount which the Court or Jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

**ANSWER:   Defendant denies the allegations contained in Paragraph 13.**

14. Further, by reason of the breach of contract by the said Defendant insurance company, the said Defendant should be required to pay interest on the policy proceeds from the date of death of said Dennis Seebold, or the submission of the said claim with proof of said damages, as this Court may deem just, equitable and appropriate in the circumstances.

**ANSWER:   Defendant denies the allegations contained in Paragraph 14.**

WHEREFORE, the Defendant, GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, prays for judgment in its favor, for costs of this action, that plaintiff take nothing by way of her complaint and for all and other just and proper relief in the premises.

> Respectfully Submitted,
>
> DOWD & DOWD, LTD.

By: _____
Attorneys for the Defendant,
GLOBE LIFE AND ACCIDENT INSURANCE COMPANY

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, by and through its attorneys, DOWD & DOWD, LTD., and for its affirmative defenses states as follows:

1. The life insurance policy at issue contained exclusionary clause.

2. The exclusions, in part, dictates that the applicable insurance policy will not pertain to policy holders whose death was caused by "being under the influence of any drug, narcotics, poison or gas unless taken on the advice of a physician".

3. Defendant underwent a series of toxicology tests after his death. The toxicology report indicates that decedent had toxic amounts of pain medication in his system at the time of the accident at issue, in addition to the medication.

4. Consequently, pursuant to the contract of life insurance, decedent's death is not covered by the policy at issue in plaintiff's Complaint due to the aforementioned exclusion.

5. Accordingly, plaintiff has no cause of action and this matter should be dismissed.

WHEREFORE, the Defendant, GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, prays for judgment in its favor, for costs of this action, that plaintiff take nothing

by way of her complaint and for all and other just and proper relief in the premises.

Respectfully Submitted,

DOWD & DOWD, LTD.

By: _____
Attorneys for Defendant,
GLOBE LIFE AND ACCIDENT INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I, an attorney, being first duly sworn upon oath, deposes and states that I served the attached Answer and Affirmative Defenses to counsel of record herein, by depositing a true and correct copy of same, First-Class Mail postage prepaid, in the U.S. Mail located at 617 West Fulton, Chicago, Illinois, at or before 5:00 P.M., on January 31, 2008 to the following:

Melvin H. Hoffman
501 State Street
Ottawa, IL 61350

By: _____
Attorney for Defendant

Dowd & Dowd, Ltd.
617 W. Fulton Street
Chicago, IL 60661
(312) 704-4400
(312) 704-4500 Fax

6